FILED & ENTERED

NOV 20 2018

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY bakchell  DEPUTY CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CYNTHIA DIANE SETEN,<br><br>          Debtor. | Case No. 2:18-bk-18266-RK<br><br>Chapter 7<br><br>**ORDER DENYING WITHOUT PREJUDICE DEBTOR'S MOTION TO VACATE DISMISSAL [ECF 45] FOR LACK OF PROPER SIGNATURE** |

    On November 8, 2018, Chapter 7 Trustee Wesley H. Avery (the "Chapter 7 Trustee") filed a Request to Dismiss Chapter 7 Debtor(s) for Failure to Appear at Section 341(a) Meeting of Creditors and Continuance Thereof, ECF 42, and the court entered its Order and Notice of Dismissal for Failure to Appear at 341(a) Meeting of Creditors, ECF 43.

    On November 19, 2018, Debtor Cynthia Diane Seten ("Debtor") filed a Motion for [sic] Vacate Dismissal and Reinstate the Chapter 13 [sic] Pursuant 5010.1 (the "Motion"), ECF 45, and a Declaration of Cynthia D. Seten in Support of Reinstatement of the Chapter 7 Pursuant to LBR 5010.1 (the "Declaration"), ECF 46.  Neither the Motion nor the Declaration is signed by Debtor, and neither document is accompanied by a proof of service.  The signature blocks on these documents show a purported electronic signature

1  of /s/, which Debtor is not authorized to use since she is not an authorized electronic filer

2  of court documents in compliance with Local Bankruptcy Rule ("LBR") 5005-4 and related

3  provisions of the Court Manual.  See also LBR 9011-1(b)(1).

4       First, LBR 9013-1(q)(11) provides that a motion to reopen a closed bankruptcy

5  case may be determined without a hearing and without additional notice because the

6  parties requiring notice receive notice via a Notice of Electronic Filing.  LBR 5010.1(c)

7  requires that any motion to reopen a closed bankruptcy case must be served on any

8  former case trustee and the United States Trustee, and LBR 9013-1(e) requires that all

9  documents filed pursuant to LBR 9013-1 be accompanied by a proof of service.  Here,

10 because the Chapter 7 Trustee and the United States Trustee received notice of the

11 Motion via the court's Notice of Electronic Filing, the court waives the required proof of

12 service under LBR 9013-1(e).

13      Moreover, LBR 9011-1(a) provides, in relevant part, as follows:

> **Holographic Signatures.** . . . [E]very signature on a filed document must be handwritten in ink (holographic).  If the document is filed electronically then the filer must scan the signature page and insert it into the electronic (.pdf) version of the document filed with the court. . . .  Under no circumstances may a reproduction of the same holographic signature be used on multiple pages or in multiple documents.  Each page that bears the signature of a person must actually have been signed by the person whose signature appears on such page.

19 LBR 9011-1(a).  Debtor is not permitted to use an electronic signature because she is not

20 an authorized electronic filer under LBR 5005-4 and related provisions in the Court

21 Manual.  See also, LBR 9011-1(b)(1) and (2).  LBR 9011-3 allows the Court to impose

22 penalties and sanctions for a party's violation of, or failure to conform to, the Local

23 Bankruptcy Rules.  Accordingly, because the Debtor failed to sign by handwriting her

24 signature in ink both the Motion and the Declaration, the Motion is denied without

25 ///

26

27

28

-2-

**ORDER DENYING MOTION WITHOUT PREJUDICE**

1
2
3  prejudice.  Any further motion to reopen this case must be signed by the Debtor in a
4  handwritten signature in ink.
5      IT IS SO ORDERED.

### ###

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-3-

**ORDER DENYING MOTION WITHOUT PREJUDICE**